IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2014 MAY 20 PM 3: 50

CLERK OF COURT
BY:_____

COAST 360 FEDERAL CREDIT UNION,

           Plaintiff,

        vs.

MARIA G. TAITAGUE,

           Defendant.

CIVIL CASE NO. CV0120-07

**DECISION AND ORDER**

This matter came before the Court on Defendant Maria G. Taitague's Opposition to Order to Show Cause and Motion to Dismiss which was filed on February 19, 2014. Defendant is represented by Gary W. F. Gumataotao, Esq..Plaintiff Coast 360 Federal Credit Union f/k/a Government of Guam Employees Federal Credit Union is represented by Roy T. Chikamoto, Esq.. Plaintiff did not file an Opposition to the motion. Notwithstanding Defendant's request for oral argument, the Court exercises its discretion and denies the request. After consideration of the arguments presented by the Defendant, the Court hereby issues its decision and order.

**BACKGROUND**

On February 22, 2007, Plaintiff filed suit against Defendant for the breach of a promissory note. Defendant was served with the Summons and Complaint on February 27, 2007. On April 26, 2007, the parties filed a Stipulated Judgment and Stipulation for Repayment of Debt; Order which was approved and ordered by the Deputy Clerk of the Superior Court of Guam and entered on the docket on May 2, 2007. In the stipulation, the Defendant acknowledged receipt of the filed complaint and summons, that she submits to the court's jurisdiction, and that she admits all of the allegations of the complaint. *See* Stipulated Judgment and Stipulation for Repayment of Debt; Order, at para. 3 (Apr. 26, 2007). The

1

stipulated payment and order provided that Defendant make bi-weekly payments of $233.00 until the debt is paid. *Id.* at para. 4.

On May 6, 2011, Plaintiff filed an *Ex Parte* Motion for Order to Show Cause *in re* Contempt of Court Order filed 26 April 2007 for Failure to Pay; Declaration *in re* Contempt. Hearing on the matter was set for June 23, 2011. At the hearing on the matter, the Court was informed of the non-service of the notice upon the Defendant and authorized its re-issuance.

On September 16, 2013, more than five years after entry of the judgment against Defendant, Plaintiff filed an *Ex Parte* Application for Renewal of Judgment supported by a Declaration of Counsel. The Application averred that "Defendant was making regular payments for about three years but then abruptly stopped." Application for Renewal of Judgment (Sep. 16, 2013). On October 1, 2013, the Court granted the motion and ordered the Stipulated Judgment entered on May 2, 2007, be renewed pursuant to 7 GCA §23106. *See* Order Granting Ex Parte Motion for Renewal of Judgment (Oct. 2, 2013).

On January 28, 2014, Plaintiff filed an Order to Show Cause *in re* Contempt of Court Order Filed 26 April 2007, for Failure to Pay. Hearing on the matter was set for February 20, 2014. At the hearing, Defendant appeared with counsel. Plaintiff's counsel indicated that he had just received the motion and had not had the opportunity to review or respond to it. Defendant also clarified that what had been filed was an Opposition to the Order to Show Cause and a Motion to Dismiss. The parties agreed to have the matter continued and possibly resolve the issue. To date, the Court has received no communication of a resolution of the matter. Furthermore, Plaintiff has not filed a responsive pleading to either the Defendant's Opposition or the Motion to Dismiss.

//

//

2

## DISCUSSION

Preliminarily, the Court notes that the Plaintiff failed to file a response to either the Defendant's opposition to the contempt proceedings or to the Defendant's Motion to Dismiss. The Local Rules of the Superior Court provide that oppositions to motions may be filed within 28 days of the filing of the motion. *See* CVR 7.1(d)(1). No opposition has been filed but nothing prevents the Court from proceeding to address the motion. The Local Rules provide that the Court need not consider oppositions to motions that do not comply with the Rules. *See* CVR 7.1(f) and (k).

Additionally, although Defendant has requested for oral argument on the motion; the Court finds that Defendant's motion adequately articulates its argument and that oral argument is not necessary for its disposition. *See* CVR 7.1(e)(2)(D).

Defendant offers a variety of arguments essentially asserting (1) that the OSC is unsupported by virtue of the lack of a valid judgment or order in effect as per 7 GCA §34101(5) because the stipulated judgment in this case had not been signed by a Superior Court Judge; (2) non-compliance with the 7 GCA §23101 pertaining to the enforcement of judgments after six years and that there can be no enforcement of a lapsed judgment; (3) that pursuant to Rule 12(b)(6) of the Guam Code of Civil Procedure Defendant is entitled to dismissal of the OSC; and finally, in the alternative, that summary judgment pursuant to Rule 56 in favor of the Defendant is appropriate. The Court will deal with each of the arguments below:

### A. LACK OF A VALID JUDGMENT OR ORDER IN EFFECT

#### i. Lack of Signature of a Superior Court Judge

Defendant asserts that there is not a valid judgment or order upon which contempt may be prosecuted. First, Defendant argues that the Stipulated Judgment proffered by the Plaintiff was not signed by a Superior Court Judge. However, "[t]he Clerk of Court is additionally authorized to grant, sign and enter the following orders without further direction of the court: ... Judgments based upon a

3

confession of judgment or upon a stipulation of the parties for entry of judgment." Guam R. Civ. P. 77(c)(6).

Therefore, the Plaintiff had in its possession a valid Judgment or Order, signed by the Court or its designee, and enforceable through contempt proceedings under 7 GCA §§34101(a)(5) and 34102(b).

### ii. NON-COMPLIANCE WITH THE 7 GCA §23101

Second, Defendant complains that the Plaintiff had not sought to revive or renew the Stipulated Judgment pursuant to the provisions of 7 GCA §23101 *et seq* which govern the enforcement or execution of a judgment.

Under Guam law, a plaintiff can seek the Court's permission to enforce its judgment against a defendant pursuant to the statute that provides:

> In all cases the judgment may be enforced or carried into execution after the time lapse of six years from the date of entry, by leave of Court, upon motion, or by judgment for that purpose, founded upon supplemental pleadings; but nothing in this section shall be construed to revive a judgment for the recovery of money which shall have been barred by limitation at the time of the taking affect (sic) of this section.

7 GCA §23106 (1982)(formerly Section 685, Guam Code of Civil Procedure). After obtaining a judgment, a creditor may, at any time within five years after its entry, have a writ of execution issued for its enforcement. *See* 7 GCA §23101 (formerly Section 681, Guam Code of Civil Procedure). This provision of Guam law "merely provides a limited time within which the judgment creditor may obtain the writ of execution as a matter of right." *Guam Economic Development Authority v. Ulloa*, 841 F.2d 990, 992 (9th Cir. 1988). Thereafter, the issuance of the writ calls for the exercise of the court's discretion as provided under 7 GCA §23106. *Id.* (referring to former Section 685, Guam Code of Civil Procedure).

In other words, a judgment creditor is allowed, as a matter of right, to seek a writ of execution at any time within five years of the date of entry of the judgment. 7 GCA §23101. Thereafter, the

4

judgment creditor is required to seek the court's permission to execute on the judgment. 7 GCA §23106. The application may be submitted *ex parte*. Granting permission to execute on a judgment pursuant to this statute is not automatic. Rather, the decision of whether to grant or deny the application rests with the sound discretion of the court. Finally, although there is no requirement in 7 GCA § 23106 that the moving party demonstrate diligence by explaining his failure to proceed with 7 GCA § 23101, a moving party and the court should keep in mind that such an order is subject to review on motion to vacate the order and recall the execution.

As indicated above, a Stipulated Judgment and Stipulation for Repayment of Debt; Order was filed on April 26, 2007. It was signed and ordered by the Deputy Clerk of the Superior Court of Guam. On September 16, 2013, more than six years after entry of the judgment against Defendant, Plaintiff filed an *Ex Parte* Application for Renewal of Judgment supported by Declaration of Counsel. The Application averred that "Defendant was making regular payments for about three years but then abruptly stopped." Application for Renewal of Judgment (Sep. 16, 2013). On October 1, 2013, the Court granted the motion and ordered the Stipulated Judgment entered on May 2, 2007, be renewed pursuant to 7 GCA §23106. *See* Order Granting Ex Parte Motion for Renewal of Judgment (Oct. 2, 2013).

Thus, the stipulated judgment in this case was properly revived and Plaintiff was given an additional period of time within which to seek execution of the judgment obtained against Defendant.

**B. RULE 12(b)(6) OF THE GUAM CODE OF CIVIL PROCEDURE**

The Court believes that reliance on GRCP 12(b)(6) is misplaced. By its very terms, matters brought pursuant to Rule 12 must be brought within twenty (20) days of receipt of the summons and complaint by the defendant and the service of a motion permitted under the rule alters the periods of times. *See* Guam R. Civ. P. 12(a). Defendant provides no authority for the application of a Rule 12

5

(b)(6) motion at this stage of the proceedings. This case is almost seven (7) years after a Rule 12(b)(6) motion should have been brought and is therefore not applicable.

## C. SUMMARY JUDGMENT PURSUANT TO GRCP RULE 56

Finally, the Defendant claims that the matter may be disposed of by way of summary judgment pursuant to Rule 56(c) of the Guam Rules of Civil Procedure. Unlike the Rule 12(b)(6) motion discussed above, a party against whom a claim is asserted may, at any time, move with or without supporting affidavits for a summary judgment. *See* Guam R. Civ. P. 56(b). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Wasson v. Berg*, 2007 Guam 16 ¶9 (citations omitted). There is a genuine issue, if there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder. *Id.* (citing *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7 (quoting *T. W Elec. Sew., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)). In addition, the "dispute must be as to a 'material fact'," which is a fact that "is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *Id.* (citation omitted).

The Defendant's argument in this regard relies upon the continued vitality of the underlying judgment of April 26, 2007; however, as discussed above, there is a valid judgment which was properly renewed with the Court's permission on October 2, 2013.

Therefore, the Court concludes that Defendant's Motion to Dismiss and the arguments contained therein relied upon an inaccurate review of the record. The underlying Judgment and Order upon which the instant contempt proceedings was brought was properly revived or renewed by order of the Court and is still enforceable.

//

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Defendant's Motion for Dismissal is **DENIED.** The Court further **ORDERS** that the contempt proceedings be continued to the next date when Plaintiff's counsel returns to Guam unless otherwise resolved by the parties before then.

MAY 2 0 2014

So **ORDERED** this day of _____, May, 2014.

_____
**HONORABLE ALBERTO E. TOLENTINO**
**MAGISTRATE JUDGE, SUPERIOR COURT OF GUAM**

7